UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BANUELOS,<br><br>　　　　　　Plaintiff,<br><br>R. WEISS, et al..<br><br>　　　　　　Defendants. | No. 2:19-cv-2370 DB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has stated a cognizable claim, and gives plaintiff an opportunity to either amend his complaint or proceed on the cognizable claim in his current complaint. In addition, this court recommends some claims be dismissed.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations of the Complaint**

Plaintiff complains of conduct that occurred at Mule Creek State Prison ("MCSP") where he is currently incarcerated. Plaintiff identifies two defendants: Dr. R. Weiss and MCSP.

Plaintiff states that defendant Weiss is his primary care physician at MCSP. Plaintiff appears to be raising three claims. First, he alleges that on December 4, 2018 and January 30, 2019, defendant Weiss "cancelled plaintiff's medical and ADA chronos, and medications that were given to plaintiff after surgeries for Arnold-Chiara Malformation." In addition, plaintiff alleges Weiss cancelled plaintiff's diabetes medication without explanation even though plaintiff's "A1C remained high." (ECF No. 1 at 8.)

In his second claim, plaintiff alleges he was seen by Weiss on February 4, 2019 for a lump in his groin. Plaintiff claims that Weiss "fondle[d]" his genitals on the left side even though plaintiff informed Weiss that the lump was on the right side. Plaintiff asked Weiss several times to stop. Weiss ignored him. Plaintiff then placed his hands over his genitals, but Weiss removed them saying, "I know what I'm doing."

3

Finally, plaintiff states that he filed a staff complaint against Weiss under the federal Prison Rape Elimination Act ("PREA"). Plaintiff contends prison authorities never followed the state and federal law protocols to address his complaint. In addition, plaintiff contends he is being forced to see Weiss for medical care despite his complaint of sexual misconduct.

Plaintiff seeks a "proper and complete PREA investigation," to be assigned a different primary care physician, and damages.

**B. Does Plaintiff State Cognizable Claims?**

**1. Eighth Amendment Medical Claim**

Plaintiff's first claim alleges improper medical care by Weiss in violation of the Eighth Amendment.

**a. Legal Standards**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

////

4

response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### b. Analysis

To state a claim for deliberate indifference to his serious medical needs, plaintiff must show: (1) a serious medical need; (2) how Weiss responded to that need; and (3) why Weiss's response demonstrates deliberate indifference. Plaintiff's allegations are too brief to meet any of these standards.

Plaintiff must show that at the time Weiss discontinued his chronos and medications, he had a serious medical need. Plaintiff simply states that he had surgeries, but he fails to inform the court when he had those surgeries, why he required medications as a result of those surgeries, what sort of medical chronos he had, and why he required those chronos. With respect to plaintiff's diabetes medication, he simply states that his medication should not have been discontinued because his "A1C" was high.[1] However, plaintiff provides no information to show just how high his blood sugar was, what medication he was taking, or why that blood sugar level required that diabetes medication.

Plaintiff's allegations are insufficient to state a claim under the Eighth Amendment regarding Weiss's discontinuation of plaintiff's medications and medical chronos. Plaintiff will be given an opportunity to amend his complaint to attempt to state an Eighth Amendment medical claim.

---

[1] According to the court's research, a hemoglobin A1c test measures blood sugar. https://www.webmd.com/diabetes/guide/glycated-hemoglobin-test-hba1c

### 2. Eighth Amendment – Sexual Misconduct

#### a. Legal Standards

As set out above, the Eighth Amendment protects against cruel and unusual punishment. Whether a specific act constitutes cruel and unusual punishment is measured by "'the evolving standards of decency that mark the progress of a maturing society.'" Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether " 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson, 503 U.S. 1, 8 (1992) (quoting Wilson, 501 U.S. at 298, 303). A sexual assault on an inmate by a prison official implicates the rights protected by the Eighth Amendment. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000); Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) ("Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm").

#### b. Analysis

Plaintiff alleges Weiss fondled his genitals despite plaintiff's numerous protestations and attempts to make him stop. Further, plaintiff alleges there was no medical basis for Weiss's conduct so it could be inferred that Weiss had a sufficiently culpable state of mind. This court finds plaintiff has stated a cognizable Eighth Amendment claim for sexual misconduct against Weiss.

### 3. Violation of the PREA

Plaintiff alleges that prison officials failed to follow the protocols of the PREA and related California laws after he filed a grievance regarding Weiss. Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" Blessing v. Freestone, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." Id. (emphasis in original) (citing Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989)). The PREA, 42 U.S.C. §§ 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a

study commission. It does not, however, give rise to a private cause of action." Porter v. Jennings, No. 1:10-cv-1811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases); Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4 (E.D. Cal. Dec. 15, 2009); see also Blessing, 520 U.S. at 340-41 (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms"). Since the PREA itself contains no private right of action, nor does it create a right enforceable under § 1983. To the extent plaintiff is attempting to allege that his rights under the PREA have been violated, he cannot state a claim for relief.

Plaintiff also cannot state a claim under § 1983 for a violation of the state procedures for considering PREA complaints. Correctional officials retain discretion to review inmate grievances in the order and manner they deem most appropriate. An alleged failure to comply with state regulations does not state a constitutional claim. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Finally, the court notes that plaintiff names only MCSP as the defendant responsible for these violations. A prison is not a proper defendant because § 1983 requires a showing of a violation committed by a "person acting under the color of state law."

**CONCLUSION**

This court finds above that plaintiff has stated a cognizable claim against Weiss for sexual misconduct in violation of the Eighth Amendment. This court further finds that plaintiff has failed to state an Eighth Amendment medical claim against Weiss. Finally, this court finds plaintiff cannot state a claim for a violation of the PREA or related state laws.

Plaintiff has a choice. He may proceed on his sexual misconduct claim or he may amend his complaint to attempt to also state claims regarding his medical care. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must

8

clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

////

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff has stated a cognizable Eighth Amendment claim against defendant Weiss for sexual misconduct.
3. Plaintiff's Eighth Amendment medical claims against defendant Weiss are dismissed with leave to amend.
4. Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint.
    a. If plaintiff chooses to proceed on his current Eighth Amendment sexual misconduct claim against defendant Weiss, he shall so notify the court within thirty days. The court will then order service of the complaint on defendant Weiss and will recommend dismissal of plaintiff's remaining claims against Weiss.
    b. If plaintiff chooses to amend his complaint, within thirty days from the date of service of this order, he may filed an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment sexual misconduct claim against Weiss. The court will then recommend dismissal of plaintiff's remaining claims.

////

5. The Clerk of the Court is directed to randomly assign a district judge to this case and to send plaintiff a copy of the prisoner complaint form used in this district.

Further, IT IS RECOMMENDED that:

1. Plaintiff's claims under the PREA be dismissed; and
2. Defendant Mule Creek State Prison be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 3, 2020

/s/ Deborah Barnes

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/banu2370.scrn lta or proceed