UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BANUELOS,<br><br>       Plaintiff,<br><br>    v.<br><br>R. WEISS, et al.,<br><br>       Defendants. | No. 2:19-cv-2370 JAM DB P<br><br><br>ORDER |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendant acted in violation of his rights under the Eighth Amendment. Presently before the court is plaintiff's request for an extension of time to file a response to defendant's April 27, 2021 motion for summary judgment and that the motion be translated into Spanish. (ECF No. 38.)

Plaintiff requests an additional ninety days to file his response to defendant's motion. (Id. at 1.) In support of his motion he argues that he "is a layman to the law" and English is his second language. Plaintiff's motion states that he is presently receiving assistance from two fellow inmates in responding to defendant's summary judgment motion. One translates the material in defendant's motion and the other inmate helps plaintiff with the law. (Id. at 1-2.) He states that the process being used is creating a delay and could cause problems if things are being

////

lost in translation. Good cause appearing the court will grant plaintiff an extension of time to file his response. However, as set forth below, the court will deny the other requests in his motion.

In addition to his request for additional time, plaintiff has also requested a copy of defendant's motion for summary judgment translated into Spanish. (Id. at 2.) Plaintiff is advised that the court cannot provide plaintiff with translated documents. Ruiz v. Mobert, No. 1:17-cv-0709 BAM (PC), 2017 WL 6886093, *1 (E.D. Cal. July 5, 2017). Plaintiff is required to continue with assistance from fellow inmates at the prison to complete his court filings. Lewis v. Casey, 518 U.S. 343, 356 (1996).

In the alternative plaintiff has requested the appointment of counsel that speaks Spanish to assist him in this action. (ECF No. 38 at 2.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's "difficulty in understanding English does not constitute an exceptional circumstance warranting appointment of counsel." Ruiz v. Ehlers, No. 2:21-cv-0146 JAM JDP (PC), 2021 WL 2313385 at *1 (E.D. Cal. May 5, 2021). Accordingly, the court declines to appoint counsel at this time.

////

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 38) is granted in part and denied in part as follows:

1. Good Cause appearing plaintiff's request for an extension of time to file a response to defendant's motion for summary judgment is granted.
2. Plaintiff shall file and serve his response on or before September 27, 2021. Any reply shall be filed and served in accordance with Local Rule 230(l).
3. Plaintiff's request for a translated copy of defendant's motion for summary judgment is denied.
4. Plaintiff's request for the appointment of counsel is denied.

Dated: July 6, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/banu2370.36opp(2)