UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BANUELOS,<br><br>            Plaintiff,<br><br>      v.<br><br>R. WEISS,<br><br>            Defendants. | No. 2:19-cv-2370 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant violated his Eighth Amendment rights. For the reasons set forth below, the court will recommend that this action be dismissed because plaintiff has failed to file an opposition to defendant's motion for summary judgment.

**I.      Relevant Procedural History**

On April 27, 2021, defendant filed a motion for summary judgment. (ECF No. 37.) Plaintiff sought and obtained an extension of time to file an opposition. (ECF Nos. 38, 39.) Thereafter, plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 40.) Defendant filed an opposition. (ECF No. 41.) On October 12, 2021, the undersigned denied plaintiff's request for dismissal pursuant to Rule 41(a) because it was filed after defendant moved for summary judgment. (ECF No. 42.) Plaintiff was

////

advised he could file a notice of voluntary dismissal under the correct subsection of Rule 41, or the parties could seek a stipulated dismissal.

Plaintiff failed to respond to the October 12, 2021, order or file a response to the pending motion for summary judgment.  On February 8, 2022, the undersigned issued an order directing plaintiff to file an opposition or statement of non-opposition to defendant's motion for summary judgment.  (ECF No. 43.)  Plaintiff was warned that failure to file an opposition would result in a recommendation that this action be dismissed.  (Id. at 2.)

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  Additionally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

In the court's October 7, 2020, discovery and scheduling order, plaintiff was advised of the requirements for filing an opposition to the motion and that failure to oppose such a motion may be deemed a waiver of opposition to that motion.  (ECF No. 32 at 6.)  By order dated, February 8, 2022, plaintiff was directed to file an opposition, if any, to defendant's motion for summary judgment.  (ECF No. 43.)  He was also warned that failure to file an opposition would result in a recommendation that this action be dismissed.  (Id.)  Plaintiff has not responded to the February 8, 2022, order.

Defendant filed a notice regarding plaintiff's failure to respond to the February 8, 2022 order requesting dismissal pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 44.)

**II.   Legal Standards**

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case."  Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)).  Involuntary dismissal is one of the harshest sanctions at a trial court's disposal, since it denies the plaintiff his day in court; and as a result, it is reserved for use only in the most extreme circumstances.  Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d

1  829, 831 (9th Cir. 1986).  In determining whether to dismiss a claim for failure to prosecute or
2  failure to comply with a court order, the court must weigh the following factors: (1) the public's
3  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
4  risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public
5  policy favoring disposition of cases on their merits.  Ferdik, 963 F.2d at 1260-61.

### III. Analysis

#### A. Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

This action has been pending since November 15, 2019.[1] (ECF No. 1 at 11.)  Defendant's motion for summary judgment was filed on April 27, 2021, nearly one year ago.  (ECF No. 37.)  Plaintiff previously sought and obtained an extension of time to file an opposition.  (ECF Nos. 38, 39.)  Thereafter, he attempted to dismiss this case without prejudice.  (ECF No. 40.)  Since the court denied his request pursuant to Federal Rule of Civil Procedure 41 (ECF No. 42), plaintiff has stopped responding to court orders.  Plaintiff's failure to comply with court orders has prevented this action from moving forward.  Accordingly, this factor weighs in favor of dismissal.

#### B. Court's Need to Manage its Docket

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

As defendant argues, it appears that plaintiff has lost interest in litigating this action. (ECF No. 44 at 1.)  Plaintiff has not responded to the court's most recent orders.  (ECF Nos. 42,

////

////

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

3

43.) Thus, further time spent by the court on this issue will consume scarce judicial resources[2] in addressing litigation which plaintiff demonstrates no intention to pursue. Accordingly, this factor weighs in favor of dismissal.

### C. Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987)). The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).

Plaintiff's failure to oppose the motion for summary judgment, has prejudiced defendant by hindering resolution of this action. Ciria v. Blackwell, No. 2:10-cv-1351 TLN DAD P, 2014 WL 11774839 at *2 ("Plaintiff's failure to oppose defendant's motion for summary judgment prevents them from addressing plaintiff's claims on the merits and unnecessarily delays resolution of this action . . . ."); Mitchell v. Garrett, 2019 WL 2544522 at *2 (E.D. Cal. June 20, 2019) ("Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense."). Accordingly, this factor weighs in favor of dismissal.

### D. Availability of Less Drastic Alternatives

Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

Plaintiff was advised of his duty to oppose the motion for summary judgment. (ECF No. 32 at 6-7, 9.) Additionally, by order dated February 8, 2022, plaintiff was warned that failure to file an opposition would result in a recommendation that this action be dismissed. (ECF No. 43 at 2.) Accordingly, this factor weighs in favor of dismissal.

////

---

[2] "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).

4

### E. Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

### IV. Conclusion

Because four of the five Ferdik factors weigh in favor of dismissal, the undersigned will recommend that defendant's motion for summary judgment be granted, and this action be dismissed. See Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994) (upholding district court's grating defendants' summary judgment motion and dismissing § 1983 action after plaintiff failed to respond to the motion for summary judgment).

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 37) be granted, and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/banu2370.no.msj fr

5